## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SCOTT B. DUQUETTE,

     Plaintiff,

v.                                                Case No. 8:08-CV-895-T-27TBM

BOB WHITE, Sheriff,

     Defendant.

_____/

### ORDER

Plaintiff, an inmate at the Land O'Lakes Detention Center, filed a civil rights complaint *pro se* on May 9, 2008 (Dkt. 1), and an Affidavit of Indigency in support of his request to proceed in this action *in forma pauperis* (Dkt. 2).  His complaint relates to events which occurred in May 2007, during his confinement at the Pasco County Jail.  Plaintiff names Bob White, Sheriff, Pasco County, Florida, as defendant.

#### Standard of Review

Because Plaintiff filed this action against a governmental employee while incarcerated, the Court is required to screen his action under 28 U.S.C. § 1915A(b). Section 1915A provides that:

> "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . .  On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b)(1) & (2).

Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental official has been sued regardless of whether the $350.00 filing fee has been paid. *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to relief under § 1983.

## Discussion

In an § 1983 action, the initial inquiry is whether two essential elements are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

2

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted); *see also Hale v.
Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995). If either element is missing, the complaint
fails. In addition, for liability under 42 U.S.C. §1983, Plaintiff must allege an affirmative causal
connection between the Defendant's conduct and claimed constitutional deprivation. *See Swint
v. City of Wadley, Alabama*, 51 F.3d 988 (11th Cir. 1995); *Tittle v. Jefferson County Comm'n*, 10
F.3d 1535, 1541 n.1 (11th Cir. 1994). "In any action under § 1983, the first step is to identify the
exact contours of the underlying right said to have been violated." *County of Sacramento v.
Lewis*, 523 U.S. 833, 842 n.5 (1998).

    In his Complaint, Plaintiff alleges that, in violation of "terms and conditions of
confinement" he was "housed with a sentenced inmate" who attacked Plaintiff with a cup(Dkt.
1, p. 8).[1]  While the Eighth Amendment prohibits "cruel and unusual punishments," [2] "[i]t is not
. . . every injury suffered by one prisoner at the hands of another that translates into constitutional
liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S.
825, 834 (1994) (citation omitted). *See also Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir.
1986) ("It is well settled that a prison inmate has a constitutional right to be protected from the
constant threat of violence and from physical assault by other inmates. However, '[t]his does not
mean that the constitutional rights of inmates are violated every time a prisoner is injured. It
would not be reasonable to impose such an  absolute and clearly unworkable responsibility on

---

[1] It appears that at the time of the incident, Plaintiff may have been a pre-trial detainee (*See* Dkt. 1 at 5).

[2] As a pretrial detainee, Plaintiff's cruel and unusual punishment claims sound properly in the
Fourteenth Amendment right to due process of law rather than in the Eighth Amendment. This is a distinction
without a difference, however, because the standard for violations of the Eighth Amendment apply to pretrial
detainees through the due process clause. *See see Williams v. Limestone County, Ala.*, 198 Fed. Appx. 893, 896 n.3
(11th Cir. 2006); *Taylor v. Adams*, 221 F.3d 1254, 1257 n.3 (11th Cir. 2000); *Lancaster v. Monroe County, Ala.*, 116
F.3d 1419, 1425 n.6 (11th Cir. 1997).

prison officials'" (citations omitted)).[3]

"For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents," *see Owens v. Fulton County,* 877 F.2d 947, 951 n.5 (11th Cir. 1989), here the Pasco County Sheriff's Office.[4] *See Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985); *Jones v. Cannon,* 174 F.3d 1271, 1293 n. 15 (11th Cir. 1999). "A governmental entity is not liable under [§] 1983, merely as a matter of respondeat superior, for constitutional injuries inflicted by its employees." *See Brown v. Neumann,* 188 F.3d 1289, 1290 (11th Cir. 1999) (citation omitted). A local government is, however, liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services,* 436 U.S. 658, 694 (1978) (holding that liability of municipalities and other governmental entities under § 1983 is limited to instances of official policy or custom).

To impose liability on Defendant White in his official capacity under § 1983, Plaintiff must allege and demonstrate that Defendant White had an official policy or custom that was "the moving force of the constitutional violation." *Vineyard v. County of Murray, Ga.,* 990 F.2d 1207,

---

[3] To be held liable under the Eighth Amendment for failing to prevent an attack from another inmate, a correctional official must be found to have known and recklessly disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer, supra* at 837. When officials become aware of threats to an inmate's health and safety, the Eighth Amendment proscription against cruel and unusual punishment imposes a duty to provide reasonable protection. *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1027 (11th Cir. 2001).

[4] Because Plaintiff is proceeding *pro se* and it is not clear from the record whether he is suing Defendant White only in his individual capacity, the Court will consider the claim as being asserted against Defendant White in both his official and individual capacities. *See Hobbs v. Roberts,* 999 F.2d 1526, 1528 (11th Cir. 1993) (finding that "[w]here the complaint is unclear on 'whether officials are sued personally, in their official capacity, or *both,*' courts must look to 'the course of the proceedings' which will 'typically indicate the nature of the liability sought to be imposed'" (emphasis in original) (citations omitted)).

1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)).  In his Complaint,

Plaintiff does not identify with specificity any policy, custom, or procedure instituted by

Defendant White that resulted in his injury. (*See* Dkt. 1 at 8).

To the extent that Plaintiff's allegations may be construed as an attempt to assert a claim

against Defendant White predicated upon his supervisory position as the Sheriff of Pasco

County, "[i]t is [] well established in this [c]ircuit that supervisory officials are not liable under §

1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or

vicarious liability." *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004) (quoting *Cottone v.

Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)), *vacated on other grounds*, 449 F.3d 1149 (11th

Cir. 2006).  Under §1983, supervisory liability occurs only when the supervisor personally

participates in the alleged misconduct or when there is a causal connection between the

supervising official's actions and the alleged constitutional deprivation. *Cottone, supra* at 1360.

Plaintiff does not allege that Defendant White personally participated in his placement with the

inmate who attacked him. The complaint is entirely void of any facts that might be read to

support an inference that a causal connection exists between Defendant White's conduct and

Plaintiff's injuries.

Further, Plaintiff does not allege that Defendant White directed others to house Plaintiff

with the sentenced inmate, or that there was a history of widespread abuse at the Pasco County

Jail that put Defendant White on notice that housing procedures were being violated leading to

inmate violence. Since Defendant White is not alleged to have participated in the alleged

misconduct and is not alleged to have intentionally and knowingly ignored indications that

misconduct might occur, he cannot be held liable under § 1983. The allegations in the complaint

are insufficient to support a § 1983 claim against Defendant White in either his official or

individual capacity. Plaintiff's complaint is, therefore, subject to dismissal for failure to state a claim for which relief can be granted.

Accordingly, Plaintiff's complaint is **DISMISSED** (Dkt. 1). Plaintiff is granted leave to amend his Complaint within fifteen (15) days, failing which this cause shall stand dismissed with prejudice without further order of the Court.

**DONE and ORDERED** this _14th_ day of May, 2008.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*

6